## Case No. 11,325.

POTTER et al. v. DIXON et al.

[2 Fish. Pat. Cas. 381; 5 Blatchf. 160.] [1]

Circuit Court, S. D. New York.   July 2, 1863.

COMMISSIONER OF PATENTS—POWER WITH RESPECT TO INTERFERENCES—EQUITY JURISDICTION —PRELIMINARY INJUNCTION.

1. There is nothing in the statute limiting the power of the commissioner to a single interference, and the reason for the declaration of subsequent interferences, if any should appear before the issue of the patent, is as strong as for the first one.

2. Section 11 of the act of 1836 [5 Stat. 121] does not provide that the commissioner shall issue a patent to the applicant if the decision of the chief justice is in his favor, but simply declares that that decision shall "govern the further proceedings of the commissioner in such case"—and so it should, as it respects the parties concerned, but not as to other parties who may come in and claim the benefit of the provision.

3. Where, therefore, an interference was declared between the application of J. G. W. assignee of A. & F. and a patent previously issued to I. M. S., in which case, upon appeal to him, the chief justice decided in favor of J. G. W., and ordered a patent to issue to him, and, after the return of the order, but before the issue of the patent, another interference was declared between the same application and a patent issued to A. B. W., and the chief justice, upon appeal, held this last interference wrongfully declared, and peremptorily ordered the issue of the patent in pursuance of his first order, which was done: *Held*, that the chief justice erred, and that the patent issued in accordance with his last order was without authority and void, and should be enjoined.

4. It has been frequently decided that the power conferred upon the United States circuit court to entertain bills in equity in controversies arising under the patent act, is a general equity power, and carries with it all the incidents belonging to that species of jurisdiction.

5. The power conferred not only enables a court of equity to decree a final remedy, but to take care that the subject of the controversy shall not be rendered valueless pending the litigation.

[Cited in Perry v. Corning, Case No. 11,003.]

6. Preliminary injunction granted under section 16 of the act of 1836 [5 Stat. 123], as amended by section 10 of the act of 1839 [Id. 354].

[1] [Reported by Samuel S. Fisher, Esq., and Hon. Samuel Blatchford, District Judge, and here compiled and reprinted by permission. The syllabus and opinion are from 2 Fish. Pat. Cas. 381, and the statement is from 5 Blatchf. 160.]

[This was a bill in equity by Orlando B. Potter, Nathaniel Wheeler, and others against Courtlandt P. Dixon and Edward Learned.]

[2] [The bill in this case was filed to set aside letters patent (or so much thereof as conflicted with letters patent owned by the plaintiffs) issued by the commissioner of patents to James G. Wilson, in pursuance of an order by Judge Dunlop, chief justice of the district court of the United States for the District of Columbia, made on appeal, December 30th, 1862, and for an injunction, pending the suit, against the sale or use of the said patent. The order of Judge Dunlop was made under the following circumstances: Wilson, assignee of a patent granted to Akins and Felthousen [No. 8,282], applied to the commissioner for a reissue of that patent, upon which application an interference was declared with a patent previously issued to Isaac M. Singer. After a hearing of the issue between the parties, the commissioner decided in favor of Singer. Thereupon, an appeal was taken by Wilson, from the decision, to Judge Dunlop, who, upon a review of the case, reversed the decision, and ordered the reissue to be granted to Wilson. After the return of the order and papers to the patent office, and before the issuing of any reissued patent, parties interested in a patent previously granted to Allen B. Wilson, applied to the patent office to declare an interference between that patent and the one granted to Akins and Felthousen, which was done. After a hearing, the commissioner decided against the application, on the ground that Allen B. Wilson was the first inventor. Thereupon, an appeal was taken to Judge Dunlop, who held that the interference between the patent of Akins and Felthousen and the patent of Allen B. Wilson, was wrongfully declared and should be dissolved, on the ground that no second interference could be declared under the statute, and that his decision upon the interference between the patent of Akins and Felthousen and the patent of Singer, was conclusive upon the commissioner; and he thereupon peremptorily ordered the reissue [No. 1,388] of the former patent, in pursuance of his first order, and refused to look into the case on its merits. The plaintiffs now applied for said injunction.] [2]

Edwin W. Stoughton, George Gifford, and Samuel J. Gordon, for plaintiffs.

James T. Brady, Samuel Blatchford, and Clarence A. Seward, for defendants.

NELSON, Circuit Justice. The 7th section of Act July 4, 1836 (5 Stat. 119), provides that, on an application for a patent, if the commissioner shall be satisfied that the applicant is the original and first inventor, he shall be entitled to a patent; that if, upon the application, the commissioner shall refuse the

[2] [From 5 Blatchf. 160.]

patent, the applicant may appeal to a board of examiners provided for in the act; that the board shall have power to reverse the decision of the commissioner; and that, if it is reversed, a certificate shall be made of the fact, and "he shall be governed thereby in the further proceedings to be had on such application." The 8th section provides, that when an application shall be made to the commissioner for a patent which, in his opinion, would interfere with any unexpired patent which has been previously granted, it shall be his duty to give notice to the applicant or patentee, and that, if either party shall be dissatisfied with the decision of the commissioner, he may appeal from such decision, on like terms as in the preceding section, and the like proceedings shall be had to determine which, if either of the parties, is entitled to the patent. The 11th section of the act of March 3, 1839 (5 Stat. 354), substitutes the chief justice of the district court of the United States for the District of Columbia for the board of examiners, and makes special provision for a full hearing before him, and also provides that, on the return of the papers and of his decision to the patent office, the decision shall be entered of record, and "shall govern the further proceedings of the commissioner in such case." The 16th section of the act of 1836 provides, that when there shall be two interfering patents, any person interested in any such patent may have a remedy by bill in equity, and that the court having cognizance thereof may adjudge and declare either of the patents void, in whole or in part, or inoperative and invalid in any particular part of the United States.

The motion for a preliminary injunction in this case is placed on two grounds: (1) That the commissioner had no authority to receive the surrender of the patent to Akins and Felthousen, and reissue one to James G. Wilson, inasmuch as the order of Judge Dunlop was a nullity; and (2) that, if otherwise, the reissue was erroneous, as Allen B. Wilson was the first and original inventor.

1. By the 8th section of the act of 1836, already referred to, it is made the duty of the commissioner, on an application for a patent which in his opinion would interfere with a patent already granted, to give notice to the parties interested, receive proofs, and determine the question of priority of invention. The party against whom he decides may appeal to the chief justice. It is supposed, by the learned chief justice, that there can be but one interference declared by the commissioner, on an application for a patent, and that the decision of the chief justice is conclusive upon the commissioner, though, in the meantime, and before the patent issues, another case of interference should appear or be presented. There is certainly nothing in the statute limiting the power of the commissioner in this respect, and the reason for the hearing in the second case is as strong as for that in the first. The object of the provision is one that pervades the whole of the statute, namely, to secure to the real inventor the exclusive privileges therein provided for. Besides, a hearing and decision between the applicant for a patent and A., whether in favor of the one or the other, forms no rule for a decision between the applicant and B., in case of an interference declared between them. The proceedings are independent and inter alios. The effect sought to be given to the decision of Judge Dunlop would not be admitted if the proceedings had taken place in a suit at law or in equity, much less should it be allowed where they are informal and summary, with a view to the truth and merits of the case. The section is broad and unqualified: "That whenever an application shall be made for a patent, which, in the opinion of the commissioner, would interfere," &c., "with any unexpired patent," &c., "it shall be the duty of the commissioner to give notice," &c. How the commissioner is to obtain information of the interfering patent is not provided for in the statute, and hence the matter is necessarily left in his discretion, and he must obtain the information in the best way he can. If the party interested knows of the application, he can bring the interference to the notice of the commissioner; or, if the commissioner happens to recollect the issuing or existence of the previous patent, he may act upon that information. It would be very unreasonable to require him to recollect at the time all the previous patents that may interfere with the one applied for, or to require the party interested to know that an application is pending in the office for a patent interfering with his.

The interference declared between the patent of Akins and Felthousen and that of Singer, presented simply an issue between those two patents and nothing more, and the proofs did not necessarily extend, or might not have extended, beyond this issue. The decision of the chief justice in favor of the former was, doubtless, binding on the commissioner as between those parties, but no further. The 11th section of the act of 1839 does not provide that the commissioner shall issue a patent to the applicant if the decision of the chief justice is in his favor, but simply declares that such decision shall "govern the further proceedings of the commissioner in such case;" and so it should, as it respects the parties concerned, but not as to other parties who may come in and claim the benefit of the same provision.

I am quite clear, therefore, that the learned chief justice erred in refusing to entertain the appeal in the case of the interference declared with the Allen B. Wilson patent, and that his order to the commissioner dissolving that interference, and directing his order in the case of the interference with the Singer patent to be executed, was a nullity, and hence that the patent issued to James G. Wilson by the commissioner was without authority and void, and should be enjoined.

2. Even if the question in the case turned upon the merits, namely, whether or not the invention of A. B. Wilson was prior to that of Akins & Felthousen, I should have felt bound to interfere and enjoin the patent; for in several cases before me on a final hearing decided in August, 1860,—Potter v. Wilson [Case No. 11,342],—involving this question of priority, and in which J. G. Wilson was one of the defendants, I came to a clear conviction, upon the proofs, against the claim of Akins & Felthousen. The decision has been generally acquiesced in, and the invention gone into very general and extensive use, as appears from the papers in this case.

It may be proper to refer to section 8 of the act of March 3, 1837, which confers on the commissioner the same power on a reissue, over the question of granting it, which he possessed in the case of an original application for a patent.

It was argued on this motion by the learned counsel for the defendants that section 16 of the act of 1836. amended by section 10 of the act of 1839, did not authorize this court to grant an injunction, and that the power was confined to the specific remedy pointed out in the section. We do not assent to this view. It has been frequently decided that the power conferred on the United States circuit court to entertain bills in equity in controversies arising under the patent act, is a general equity power, and carries with it all the incidents belonging to that species of jurisdiction. The power conferred not only enables the court to decree a final remedy but to take care that the subject of the controversy shall not be rendered valueless pending the litigation.

Let an injunction issue according to the prayer of the bill.