## WESTINGHOUSE *v.* DUNCAN.

### PATENT APPEALS.

1. An appeal does not lie to this court from a mere interlocutory or preliminary order or ruling of the Commissioner of Patents in an interference case, such as a ruling that there is or is not an interference, or an order refusing to investigate an alleged interference; but only from the final decision of the commissioner in such a case determining the question of the priority of invention; *construing* act of Congress of February 9, 1893, Sec. 9.
2. A decision of the Commissioner of Patents from which an appeal will lie to this court, can only be made after the primary examiner, and, on appeal from him, the board of examiners-in-chief, have considered the case and made findings therein.

No. 8.   Patent Appeals.   Submitted November 14, 1893.—Decided January 2, 1894.

HEARING on an appeal from the Commissioner of Patents, in an interference case, denying a motion to reform an interference which had been declared. *Appeal dismissed.*

The FACTS are sufficiently stated in the opinion.

*Mr. Harold S. MacKaye* for the appellant.

*Messrs. Whitman & Wilkinson* for the appellee.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

This case is brought into this court by appeal from the Patent Office. It is a case of alleged interference; and the

appeal is taken under that provision of the act of Congress of February 9, 1893, providing for the establishment of this court, which, by Section 9, provides that "any party aggrieved by a *decision* of the Commissioner of Patents in any interference case may appeal therefrom to said Court of Appeals." At the time of the passage of the act of Congress just referred to, there was no right of appeal given in interference cases, beyond the right of appeal from the examiners-in-chief to the Commissioner of Patents, though the right of appeal in such cases had existed, prior to the act of Congress of 1870, from the decision of the Commissioner of Patents to the justices of the Supreme Court of the District of Columbia.

There is a preliminary question presented on this appeal, and that is, whether an appeal lies from the order or decision appealed from to this court.

The mode of procedure in interference cases is prescribed by statute, and no right of appeal exists in such cases except that expressly given by the terms of the statute.

By Section 4904, Rev. Stat. U. S., it is provided that "whenever an application is made for a patent which, *in the opinion* of the Commissioner, would interfere with any pending application, or with any unexpired patent, he shall give notice thereof to the applicants, or applicant and patentee, as the case may be, and shall direct the primary examiner to proceed to determine the question of priority of invention. And the Commissioner may issue a patent to the party who is adjudged the prior inventor, unless the adverse party appeals from the decision of the primary examiner, or of the board of examiners-in-chief, as the case may be, within such time, not less than twenty days, as the Commissioner shall prescribe."

Section 4909 provides that "every applicant for a patent or for the reissue of a patent, any of the claims of which have been twice rejected, and every party to an interference, may appeal from the decision of the primary examiner, or of the examiner in charge of the interferences in such case, to the

board of examiners-in-chief; having once paid the fee for such appeal."

Then, by Section 4910, it is provided that, " If such party is dissatisfied with the decision of the examiners-in-chief, he may, on payment of the fee prescribed, appeal to the Commissioner in person." And finally, by Section 4911, it is provided that, " If such party, *except a party to an interference,* is dissatisfied with the decision of the Commissioner, he may appeal to the Supreme Court of the District of Columbia, sitting *in banc.*" But now, instead of the right of appeal being to the Supreme Court of the District of Columbia, in cases of refusal of patents, it is provided by the act of Congress establishing this court, that the right of appeal in such cases shall be to this court; and, in addition thereto, the right of appeal is given to the party aggrieved in interference cases to this court.

Such being the statutory provisions relating to the right of appeal, it appears, that on the 16th of July, 1890, Westinghouse, the appellant, filed in the Patent Office an application for letters patent for an improvement in rotary pumping and motor apparatus. This application as originally filed was disallowed by the primary examiner, but was subsequently amended, and afterwards allowed on appeal by the board of examiners-in-chief. This decision of the examiners-in-chief was not rendered until Sept. 26, 1892.

During the time that the application of Westinghouse remained under rejection by the primary examiner, and before amendment and allowance on appeal, Duncan, the appellee, on the 25th of March, 1891, filed an application for letters patent for " a variable speed gear," and upon such application a patent issued on the 5th of January, 1892, and stands No. 466,661.

After the issue of this patent, and as the result of the decision of the board of examiners-in-chief on appeal, an interference between the patent granted to Duncan and the pending application of Westinghouse, was declared, as to certain claims put forth by Westinghouse. By this interference it

was declared that the issue was the substance of Westing-
house's seventh claim, and involved his first, second, third,
fourth, and eighth claims, and Duncan's eighth claim. And
it was declared that the first, second, third and fourth claims
of Westinghouse were all substantially made July 16, 1890;
that the seventh and eighth claims of Westinghouse were
made January 25, 1892, but the equivalent statement of in-
vention covering these latter claims, was made July 16, 1890,
and that the claims of Duncan above referred to were made
March 25, 1891.

With this declaration of interference Westinghouse was
not satisfied. He therefore moved that the interference,
already declared in his favor, be reformed, and that claims
one and three of the patent issued to Duncan, be included
explicitly within the issue, and be held subordinate to the
interference. And he further moved that the record should
be transmitted to the primary examiner for his consideration,
and that the interference declared be suspended pending the
determination of the questions involved. This motion was
denied by the primary examiner, and subsequently by the
Commissioner of Patents, and again by the Commissioner
of Patents on a motion for rehearing. It is from the denial
of this motion to reform the interference declared, that this
appeal is taken. And the first question is, whether an ap-
peal will lie to this court from the refusal of such motion.

It is true, the right of appeal in interference cases is given
to this court in general terms. There is no specific mention
of the character of the orders or decisions from which ap-
peals may be taken. But the terms of the statute should
receive a reasonable interpretation, and be so construed as to
avoid multiplying litigation, or producing unnecessary de-
lay and expense to the parties concerned, and to prevent, as
far as possible, embarrassment and hindrance to the pro-
ceedings in the Patent Office. The right of appeal from *all
orders or rulings* would certainly produce deplorable results;
and to the inventor having but small means, the ordeal of
the Patent Office would become a terror and a menace, in-

stead of a place of encouragement and protection. In our opinion, it was not the intention of Congress, in the employment of the general terms of the statute, to grant the right of appeal to this court from mere interlocutory or preliminary orders or rulings in interference proceedings. By such rulings no definite determination of the merits of the case is made. The ultimate determination in such cases by the Commissioner of Patents is of the question of priority of invention, and that is the only decision from which an appeal will lie to this court in such cases. The refusal of the motion in this case is not such a decision by the Commissioner of Patents as will justify an appeal; an appealable decision of that officer can only be made after the finding of the primary examiner, and the determination of the board of examiners-in-chief upon appeal, and thence upon appeal, to the Commissioner of Patents. The mere refusal of the Commissioner to direct an investigation and determination of the examiners as to an alleged interference of an application for a patent with any pending application, or with any unexpired patent, is but a preliminary *opinion*, as to the propriety of such examination, formed in the exercise of a sound discretion; and as the foundation for the exercise of such discretion, the Commissioner is at liberty to obtain extrinsic information as to the interfering claims. *Potter* v. *Dixon*, 5 Blatchf., 160. From this preliminary opinion of the Commissioner, no appeal lies to this court.

Indeed, the practical good to the appellant, from having his motion gratified, as to its effect upon the patent issued to Duncan, is by no means apparent. It is not within the power of the Commissioner of Patents, nor of this court on appeal from the Commissioner, to avoid or vacate the patent, or any claim covered by it. The decision, whatever it might be, would be only of *prima facie* effect; and though the decision might be in support of the patent, no person interested would be precluded from contesting the validity of the patent, in any court wherein the same might be called in question. Rev. Stat. U. S., Sec. 4914. And as the appel-

lant has had awarded to him *priority* of his claims as made in the Patent Office, his patent, when issued to cover his claims, will be effective means in his hands to enable him to assert and maintain, *if his pretensions be well founded*, that claims one and three of the Duncan patent are covered and embraced in the prior claims seven and eight of his application. He will, therefore, in no manner be prejudiced by what has been done in the Patent Office. Section 4918, Rev. Stat. U. S., provides exactly for the very case. By that section it is provided that whenever there are interfering patents, any person interested in any one of them may have relief against the interfering patentee, and all parties interested under him, by suit in equity against the owners of the interfering patent; and such court may adjudge and declare either of the patents void in whole or in part, or inoperative, or invalid in any particular part of the United States, according to the interest of the parties in the patent or the invention patented. This provision of the statutes secures to each and every inventor the full benefit of the priority of his invention, though interfering patents may have been issued.

It follows from what we have said that this appeal was improvidently taken, and must therefore be dismissed, with costs in this court to the appellee, and it is so ordered. And this opinion and order are hereby directed to be certified to the Patent Office according to law.

*Appeal dismissed.*