# IN RE BASTIAN.

PATENTS; FOREIGN APPLICATIONS; LIMITATIONS; APPEAL AND ERROR; IN-TERLOCUTORY ORDERS.

1. A British patent is a bar to the granting of a patent here to the same applicant for the same invention, where the application for the British patent was a provisional one, and was filed more than one year prior to the date of the filing of the application here, although the subject-matter of the invention for which a patent is claimed here was not disclosed by such provisional application, but was only disclosed by the completed specification of the British patent, filed less than one year before the filing of the application in this country. (Following *Re Swinburne*, 19 App. D. C. 565.)

2. Where, after an application for a patent has been denied on a reference to a foreign patent, the Commissioner denies a motion by the applicant for a reference to the examiner, with directions to declare an interference with a patentee whose application was junior to that of the applicant, and whose invention, it is claimed, was the same as that of the applicant, an appeal will not lie from the order of the Commissioner denying such motion, as to permit such an appeal would be equivalent to this court compelling the declaration of an interference in the Patent Office, which this court has no power to do. (Citing *Westinghouse* v. *Duncan*, 2 App. D. C. 131.)

3. This court has no power to entertain appeals from interlocutory orders and rulings of the Commissioner of Patents on mere matters of procedure. (Following *Allen* v. *United States*, 26 App. D. C. 8; *Union Distilling Co.* v. *Schneider*, 29 App. D. C. 1; *Re Fullagar*, 32 App. D. C. 222; *Cosper* v. *Gold*, 34 App. D. C. 194; *Universal Motor Truck Co.* v. *Universal Motor Co.* 41 App. D. C. 261.)

No. 984. Patent Appeals. Submitted January 12, 1916. Decided February 7, 1916.

HEARING on an appeal from a decision of the Commissioner of Patents rejecting certain claims in an application for a patent. *Affirmed.*

The facts are stated in the opinion.

Mr. *C. A. Terry* for the appellant.

Mr. *William R. Ballard* and Mr. *M. E. Porter* for the Commissioner of Patents.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

This appeal is from a decision of the Commissioner of Patents rejecting as unpatentable certain claims for electric lamps of the character known as vapor lamps, or vapor arc lamps.

The rejection was based upon a British patent to appellants of 1903, which concededly contained the subject-matter of the appealed claims. A provisional application for the British patent was filed more than one year prior to the date of filing the present application, which, it was held, renders the British patent a bar to the granting of a patent on the appealed claims. U. S. Rev. Stat. sec. 4887, Comp. Stat. 1913, sec. 9431.

But it is argued that the completed specification of the British patent was filed less than a year before the present application, and that the provisional application did not disclose the subject-matter of the appealed claims. We have held, however, that the bar of the statute begins to run from the date of the filing of a foreign provisional specification which ripens into a patent disclosing the subject-matter of the claim upon which a domestic patent is sought. *Re Swinburne,* 19 App. D. C. 565.

It is also insisted that the appealed claims are closely related to claims which have been allowed in a patent to one Kuch, whose application was junior to that of appellants. When the Commissioner rejected appellants' claims as unpatentable, appellants requested a reference of the case back to the Examiner, with instructions to declare an interference with Kuck. From the refusal of the Commissioner to grant this request, error is here assigned. To recognize this as a proper ground of appeal, and sustain the contention of appellants, would be equivalent to compelling the declaration of an interference in the Patent Office. This we have held not to be within our appellate jurisdiction. In the very early case of *Westinghouse* v. *Duncan,* 2

App. D. C. 131, this court, through Chief Justice Alvey, held that from "the mere refusal of the Commissioner to direct an investigation and determination of the Examiners as to an alleged interference of an application for a patent with any pending application, or with any unexpired patent, is but a preliminary *opinion*, as to the propriety of such examination, formed in the exercise of a sound discretion; and as the foundation for the exercise of such discretion, the Commissioner is at liberty to obtain extrinsic information as to the interfering claims. *Potter* v. *Dixon*, 5 Blatchf. 160, Fed. Cas. No. 11,325. From this preliminary opinion of the Commissioner, no appeal lies to this court." This rule as to interlocutory orders and rulings on mere matters of procedure has been consistently adhered to. *Allen* v. *United States*, 26 App. D. C. 8; *Union Distilling Co.* v. *Schneider*, 29 App. D. C. 1; *Re Fullagar*, 32 App. D. C. 222; *Cosper* v. *Gold*, 34 App. D. C. 194; *Universal Motor Truck Co.* v. *Universal Motor Co.* 41 App. D. C. 261.

The decision of the Commissioner of Patents is affirmed, and the clerk is directed to certify these proceedings as by law required.                                   *Affirmed.*