## PALMER PNEUMATIC TIRE CO. v. LOZIER.

### (Circuit Court, N. D. Ohio, E. D. July 23, 1895.)

### No. 5,404.

1. PATENTS—BILL BY INTERFERING PATENTEE—REV. ST. § 4918.
   The right given by Rev. St. § 4918, to any person "interested in" a patent which interferes with another patent to file a bill in equity to procure an adjudication determining the rights conferred by the patents, respectively, is not affected by the fact that complainant has surrendered his patent for the purpose of procuring a reissue. Especially is this true where pending the suit the application for a reissue has been rejected, and complainant has thereby acquired a right to again receive possession of the surrendered patent. Burrell v. Hackley, 35 Fed. 833, distinguished.

2. SAME—JURISDICTION OF COURT—INJUNCTION.
   Where a bill is filed under Rev. St. § 4918, to determine the rights of interfering patentees, the court has jurisdiction to grant relief by injunction, when necessary to protect the rights of a party.

3. SAME.
   Where a bill was filed, under Rev. St. § 4918, between persons claiming under interfering patents, held, that defendant would not be enjoined from prosecuting an action at law previously begun in the same court for infringement of his patent, where it appeared that the equity suit could, by due diligence, be brought to a hearing as soon as the action at law, in which case the court would give precedence to the equity suit.

This was a bill filed, under Rev. St. § 4918, by the Palmer Pneumatic Tire Company against Henry A. Lozier, to procure an adjudication determining the rights of the parties under certain interfering patents for inventions.

E. S. Thurston, Dyrenforth & Dyrenforth, and L. L. Bond, for complainant.

Wm. A. Redding, John R. Bennett, and Gilbert & Hills, for defendant.

RICKS, District Judge. This is a proceeding instituted by the Palmer Pneumatic Tire Company, authorized by section 4918 of the Revised Statutes of the United States, which reads as follows:

"Sec. 4918. Whenever there are interfering patents, any person interested in any one of them, or in the working of the invention claimed under either of them, may have relief against the interfering patentee, and all parties interested under him, by suit in equity against the owners of the interfering patent; and the court, on notice to adverse parties, and other due proceedings had according to the course of equity, may adjudge and declare either of the patents void in whole or in part, or inoperative, or invalid in any particular part of the United States, according to the interest of the parties in the patent or the invention patented. But no such judgment or adjudication shall affect the right of any person except the parties to the suit and those deriving title under them subsequent to the rendition of such judgment."

The complainant avers that, by assignment of John Fullerton Palmer, it is the owner of letters patent No. 489,714, dated January 10, 1893, and letters patent No. 493,220, dated March 7, 1893. These patents cover "a new and useful improvement in fabric suited to the manufacture of pneumatic tires, and in such pneumatic tires, and the method and apparatus for producing the same, fully described in the letters patent mentioned." The bill further avers that on the 9th of October, 1893, Rudolph Huss applied for letters patent as an inventor of the fabric described in patent No. 493,220, above referred to. Letters patent were refused him by the patent office, because of the prior patent allowed to Palmer. An interference was declared by the patent office, on the application of Huss, between his patent and No. 493,220. Testimony was taken, so that on December 3, 1894, a hearing was had, and on March 4, 1895, the examiner of interferences decided that Huss was the original inventor of said fabric. The bill alleges that this decision of the examiner was erroneous, contrary to the evidence, and should not have been made. An appeal was allowed from said decision, but by an oversight of the solicitors for Palmer the appeal was not perfected in time, although afterwards allowed and perfected by leave of the patent office. But pending this action on the part of the patent office, by an error of the primary examiner, letters patent No. 539,224, were granted to Henry A. Lozier, as assignee of Rudolph Huss, on May 14, 1895. The bill alleges that this patent was accepted by the defendant, although his solicitors well knew that an appeal was being perfected by complainant, and that the issuance of this patent to Lozier was an oversight and an error. Thereupon the complainant filed this bill, and now prays, after setting forth the above facts:

"That the said Henry A. Lozier may, if he can, show why your orator should not have the relief herein prayed; that he may, but not upon oath (answer on oath being expressly waived), and according to his knowledge and belief, full, true, and perfect answer make to all and singular the premises; and that the said letters patent No. 539,224, granted to the defendant, May 14, 1895, as the assignee of said Rudolph W. Huss, may, by the decree of this court, be adjudged and declared to be null and void and of no effect whatsoever; and that the defendant may be decreed to pay the damages sustained by your orator by reason of his said fraudulent and unlawful acts, and the costs of this suit; and that the said Henry A. Lozier, his employés and workmen, and all others claiming under, by, and through him, or operating under and by his direction, or with and by his consent, may, during the pendency of this suit, be enjoined, by the order of this court, from directly or indirectly exercising any rights or privileges under and by virtue of said fraudulent

letters patent No. 539,224, or threatening or instituting suits for alleged infringement thereof against the licensees or customers of your orator, or any other person or persons whatsoever, or advertising, or pretending in any overt manner whatsoever, that he, the said defendant, is justly entitled to the exclusive rights which, by said fraudulent letters patent appear to be conferred, and from directly or indirectly disposing of any right, title, or interest therein; and that your orator may have such other and further relief as to this court may seem meet, and as may be agreeable to equity."

The first contention urged by the defendant is that the complainant, having surrendered his patent, under section 4918, for the purpose of obtaining a reissue, cannot maintain this action upon it while it is in the hands of the commissioner of patents, awaiting his decision. The complainant admits that the letters patent sued upon have been surrendered to the commissioner for reissue, but claims that said commissioner has already acted upon said application, and refused the same, and that the complainant is now entitled to the manual possession of said original letters patent. If this were a suit brought to assert the validity of the letters patent, and averring an infringement thereof by a defendant, the contention of defendant's counsel would be correct, and the case cited by him in 35 Fed. 833 [Burrell v. Hackley], decided by Judge Coxe, would be directly in point. But the proceedings authorized by section 4918 require only that the persons instituting the same shall be "interested" in any one of the patents. Since the hearing of this case the complainant has recovered possession of its letters patent from the commissioner of patents, and has filed the same in this case as evidence of its full control and possession, and its title thereto. Section 4918 is construed by Judge Treat, in the case of Foster v. Lindsay, in the circuit court for the Eastern district of Missouri (being Case No. 4,976, in the ninth volume of Federal Cases, originally reported in 3 Dill. 126, as being peculiarly a statutory proceeding, authorized for the purpose of determining the priority of interfering patents. The sole purpose is to determine which inventor of the two or more interfering patents was prior in his discovery or invention. Further light as to the scope of the jurisdiction conferred upon the circuit courts by this section is given in the case of Potter v. Dixon, 5 Blatchf. 160, Fed. Cas. No. 11,325. That case was decided on the circuit by Mr. Justice Nelson. In that case, he spoke as follows:

"It is argued on this motion by the learned counsel for the defendants that the sixteenth section of the act of 1836, as amended by the tenth section of the act of 1839, did not authorize this court to grant an injunction, and that the power was confined to the specific remedy pointed out in that section. I do not assent to this view. It has been frequently decided that the power conferred upon the circuit court to entertain bills in equity in controversies arising under the patent act is a general equity power, and carries with it all the incidents belonging to that species of jurisdiction. The power conferred not only enables the court to decree a final remedy, but to take care that the subject of the controversy shall not be rendered valueless pending the litigation."

Since that construction of the statute it has been further amended. As it originally stood, the statute read: "And the court, on notice to adverse parties, may adjudge and declare either of the patents void," etc. As the law now stands in the Revised Statutes, that sentence reads: "And the court, on notice to adverse parties, and

other due proceedings had according to the course of equity, may adjudge," etc. This construction of the act by Mr. Justice Nelson, when considered in connection with the amendment above referred to, it seems to me, makes it very clear that pending any proceedings instituted under this section the court, upon proper showing, has the power to grant relief, by injunction or otherwise, to protect either party in any rights conferred by law.

The only question to determine, therefore, is whether, under the allegations of the bill, and the facts as therein averred, there is any occasion for an injunction to protect the complainant in its rights under the interfering patent pending the prosecution of this suit. The defendant has in his possession letters patent regularly and validly issued, according to the face thereof. Before the filing of complainant's bill in this case, and exercising the right conferred by reason of said letters patent, the defendant instituted a suit at law in this court against the sole licensee of the complainant, being a corporation doing business within this district, and subject to the process of this court. This suit is now pending, and it is this proceeding which the complainant asks to have enjoined. So far as the rights of the parties are concerned, they seem to me to be concurrent. Each has its letters patent, regularly issued by the patent office. The defendant has instituted a suit at law to determine what rights he has under his letters patent. The complainant has instituted this proceeding in equity to determine whether its patent, or that of the defendant, is prior in date, according to the authority conferred under the section which we have been considering. While I think that this section provides the more complete and appropriate remedy, and while, under these proceedings, the rights of these parties could be more fully determined, I am not clear that, under the particular facts of these cases, there is any reason why the complainant should be protected by the extreme remedy of an injunction. Both cases are in this court. Both are under the control of the court. I assume that both parties are acting in good faith to protect their rights under their patents. This case in equity, if properly speeded, under the rules, can be brought to trial as soon as the action at law which the defendant has instituted. While, as I have said, the remedy under section 4918 seems to be most complete and appropriate, it is nevertheless true that the complainant can have a complete defense to the action at law by pleading the fourth defense defined in section 4920, to wit, that the plaintiff in the suit at law was not the original and first inventor or discoverer of any material or substantial part of the thing patented. While I do not, under these circumstances, deem it proper to grant an injunction against the prosecution of the action at law, I will nevertheless suggest to complainant that it proceed by due diligence to prepare the equity case for hearing. If this is done, and the law case should be first reached for trial, it may then be proper for the defendant in that suit to ask that the trial thereof be postponed until the equity case be heard. The court can then pass upon that application upon its merits, and, if it then seems that a speedier and more appropriate remedy can be had by hearing the equity case first, that case will be

given the precedence; but if the complainant fails to speed the preparation of its case with due diligence, so that the action at law, by ordinary course of proceeding, is first reached for trial, the failure to act with proper diligence by the complainant in this case may entitle the plaintiff to a prior hearing upon the suit at law. In the meantime an injunction will be allowed against the defendant, from prosecuting any other or further suits against any of the users or dealers with the complainant.