KEYSTONE TRADING CO. v. ZAPOTA MFG. CO. et al.

(District Court, E. D. Pennsylvania. January 6, 1914.)

No. 1,109.

1. PATENTS (§ 127*)—SUIT AGAINST INTERFERING PATENTEE—CONSTRUCTION OF STATUTE.

Rev. St. § 4918 (U. S. Comp. St. 1901, p. 3394), which provides that whenever there are interfering patents any person interested in any of them may maintain a suit in equity in which either of the patents may be adjudged void or other appropriate relief granted, applies to a case where there is a claimed interference between patents granted to the same inventor, although on a finding of interference the later patent becomes ipso facto void.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 179, 180; Dec. Dig. § 127.*]

2. PATENTS (§ 127*)—SUIT AGAINST INTERFERING PATENTEE—PRELIMINARY INJUNCTION.

In view of the further provision of said section "that no such judgment or adjudication shall affect the right of any person except the parties to the suit and those deriving title under them subsequent to the rendition of such judgment," the court on the giving of security may properly grant a preliminary injunction restraining defendant from disposing of his patent except on an order of the court.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 179, 180; Dec. Dig. § 127.*]

In Equity. Suit by the Keystone Trading Company against the Zapota Manufacturing Company and James D. Darling. On complainant's application for preliminary injunction and defendants' motion to dissolve temporary restraining order. Preliminary injunction granted.

Henry P. Brown, of Philadelphia, Pa., and Briesen & Knauth, of New York City, for plaintiff.

Henry N. Paul, Jr., and Joseph C. Fraley, both of Philadelphia, Pa., for defendants.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

THOMPSON, District Judge. The bill sets out that the plaintiff is the owner, by assignment from the defendant James D. Darling, of the three following patents issued to him: No. 907,748, issued December 29, 1908; No. 947,635, issued January 25, 1910; and No. 1,005,001, issued October 3, 1911—for the invention of certain new and useful improvements in the manufacture of chewing gum, and alleges infringement by the defendants of the above patents. It is further alleged in the bill that the inventions covered by patents Nos. 947,635 and 1,005,001 are capable of conjoint use, and that the product obtained therefrom is covered by patent No. 907,748, and that the inventions covered by the three patents are so conjointly used by the defendants; that the defendants claim to operate and manufacture under the protection of and own letters patent No. 1,040,285 issued to Darling on October 8, 1912, for the manufacture of chewing gum; and that the latter patent interferes with the patents owned by the plaintiff. The plaintiff prays inter alia for an injunction against the alleged infringement and that patent No. 1,040,285 be declared void.

In the separate answer of the defendant Darling, he denies infringement either jointly with the other defendant or individually; denies that the inventions covered by patents Nos. 947,635 and 1,005,001 are capable of conjoint use; denies that the product obtained therefrom is covered by letters patent No. 907,748; denies that the inventions covered by the three patents have been used jointly by him; and denies that patent No. 1,040,285 interferes with the other patents in suit.

[1, 2] The Zapota Manufacturing Company in its answer denies that Darling was the inventor of or entitled to the patents for the invention covered by the plaintiff's patents; denies the infringement; denies that the plaintiff's patents are capable of conjoint use, and denies that the patents have been used by it either separately or conjointly; denies the alleged interference; and alleges that the plaintiff's patents are void because of prior use and prior art. An ex parte restraining order was issued on motion of the plaintiff November 24, 1913, restraining the defendants from disposing of, selling, transferring, or attempting so to do letters patent No. 1,040,285, or any right, title, interest, or license thereunder, without leave of court first obtained upon notice to the plaintiff's solicitor. The plaintiff in support of the restraining order and of the present application for a preliminary injunction bases its right to the relief prayed for upon section 4918, Revised Statutes (Act of July 8, 1870, c. 230, § 58, 16 Stat. 207 [U. S. Comp. St. 1901, p. 3394]), which provides:

"Whenever there are interfering patents, any person interested in any one of them, or in the working of the invention claimed under either of them, may have relief against the interfering patentee, and all parties interested under him, by suit in equity against the owners of the interfering patent; and the court, on notice to adverse parties, and other due proceedings had according to the course of equity, may adjudge and declare either of the patents void in whole or in part, or inoperative, or invalid in any particular part of the United States, according to the interest of the parties in the patent or the invention patented. But no such judgment or adjudication shall affect the right of any person except the parties to the suit and those deriving title under them subsequent to the rendition of such judgment."

The plaintiff contends that, in view of the final paragraph of section 4918, the object and intention of the statute will be defeated unless the defendants are restrained from disposing of the patent except upon an order of court granted upon evidence that such disposition is made in good faith. It is contended on the part of the defendants that section 4918 does not apply to a case like the present, where the alleged interfering patents have been issued to the same inventor as patentee. It is contended that section 4918 was intended to apply to the ascertainment of the issue of priority between two different inventors, and hence the section gives the court the power to declare either patent void, so that, whether the patent to the original or first inventor be later or earlier in date than that of his opponent, one may be rightly upheld and the other canceled, without regard to their respective dates of issue. It is contended that, in the case of patents granted to the same inventor, this result cannot follow, because, the moment the fact of identity of claims is established, the second patent becomes ipso facto void.

The proposition that, where two patents showing the same invention or device are issued to the same party, the latter one is void, is well sustained by the authorities. Suffolk Company v. Hayden, 3 Wall. 315, 18 L. Ed. 76; James v. Campbell, 104 U. S. 356, 26 L. Ed. 786; Mosler Safe Co. v. Mosler, 127 U. S. 354, 8 Sup. Ct. 1148, 32 L. Ed. 182; McCreary v. Pennsylvania Canal Co., 141 U. S. 459, 12 Sup. Ct. 40, 35 L. Ed. 817; Miller v. Eagle Mfg. Co., 151 U. S. 186, 14 Sup. Ct. 310, 38 L. Ed. 121.

I find nothing in the language of the act nor in the decisions, however, to sustain the narrow construction urged on behalf of the defendants. The act applies "whenever there are interfering patents."

It is true that in Palmer Pneumatic Tire Co. v. Lozier (C. C.) 69 Fed. 346, Judge Ricks, in the Circuit Court for the Northern District of Ohio, said, referring to section 4918:

"The sole purpose is to determine which inventor of the two or more interfering patents was prior in his discovery or invention."

In using that language he was discussing the decision of Judge Treat in Foster v. Lindsay, Fed. Cas. No. 4,976, where the interference suit was between two different patentees. Standing alone, the language would be inaccurate because the purpose of the act is to determine first whether the patents in suit are interfering patents and, if they are, the determination as to which inventor was prior in his discovery would follow. As between two different patentees when the interference is established, the only remaining purpose of the act is as stated by Judge Ricks. While, in the case of patents granted to the same inventor, the moment the fact of identity of claims is established, the second patent becomes ipso facto void, yet the question of identity must be established in some proceeding, and the language of section 4918 apparently establishes the proper proceeding. Counsel contends that the declaring of the second patent to the same patentee void would be contradictory to the power under the act to "declare either of the patents void."

In my opinion this is putting too strained a construction upon the language. The broad language "may adjudge and declare either of the patents void" I think includes the power to declare void a second patent interfering with a prior patent to the same patentee. Otherwise, in case of interfering patents issued to the same patentee, there is no remedy for the assignee of the prior patent where an improper or fraudulent use is attempted to be made of the subsequent patent. Under the language of the act providing for "due proceedings had according to the course of equity," and under the decisions, jurisdiction lies under section 4918 to grant an injunction. See Potter v. Dixon, 5 Blatchf. 160, Fed. Cas. No. 11,325, opinion by Mr. Justice Nelson; Palmer Pneumatic Tire Co. v. Lozier (C. C.) 69 Fed. 346.

A preliminary injunction will therefore issue in accordance with the terms of the temporary restraining order upon plaintiff entering security within one week in an amount to be fixed by the court upon 48 hours' notice.