**ETTEN v. LOVELL MFG. CO. et al.**

No. 10186.

United States Court of Appeals, Third Circuit.

Argued June 8, 1950.

Decided Sept. 29, 1950.

As Amended Oct. 17, 1950.

Ralph Hammar, Erie, Pa., for appellants.

Charles F. Meroni, Chicago, Ill. (Carlton Hill, Hill, Sherman, Meroni, Gross & Simpson, Chicago, Ill., Isaac J. Silin, Erie, Pa., on the brief), for appellee.

Before BIGGS, Chief Judge, and MARIS and KALODNER, Circuit Judges

BIGGS, Chief Judge.

On October 22, 1943 Etten sued Lovell Manufacturing Company (Lovell) and Kauffman. A patent, No. 2,054,970 for a "Safety Release Mechanism" for power driven roll wringers of washing machines, had issued to Etten on September 22, 1936, on an application, S.N. 648,620, filed by him on December 23, 1932. Thereafter, on October 7, 1937, Etten filed an application, S.N. 167,775, for the reissue of the patent. Previous thereto, on September 3, 1935, Etten had filed an application, S.N. 38,932, for a "Wringer Release Mechanism" for power driven roll wringers of washing machines. On October 25, 1934 Jantz filed an application, S.N. 749,977, for a patent for a somewhat similar device, and assigned the title of the application to Lovell. On February 15, 1938 the Commissioner of Patents declared an interference, No. 75,433, between Etten's application, S.N. 38,932, and the Jantz application, S.N. 749,977.

On April 25, 1939, the Commissioner declared an interference, No. 76,987, between Etten's reissue application, S.N. 167,775, and the Jantz application, S.N. 749,977. After hearing on the interferences, Nos. 75,433 and 76,987, the Examiner of Interferences awarded priority to Jantz and on appeal that decision was affirmed by the Board of Appeals of the Patent Office. No review was sought by Etten of the decisions on these interferences by the United States Court of Customs and Patent Appeals.

The instant suit in the court below was filed pursuant to R.S. § 4915, 35 U.S.C.A. § 63, and Etten sought thereby an adjudication that he was entitled to a patent for the claims in the Jantz application set forth in certain counts in the interferences, Nos. 75,433 and 76,987. It is not necessary to specify the contents of the counts in the in-

terferences in this opinion. In the suit Etten also prayed for a declaratory judgment that he was entitled to the invention claimed in the counts referred to and, alleging a conspiracy between Lovell and Kauffman to defraud the Patent Office by procuring a fictitious early date of conception of invention for Jantz resulting in priority of invention being awarded to Jantz, he sought also to recover damages and the awarding of a counsel fee.[1]

After October 5, 1939 [2] two further interferences were declared between Etten and Jantz. One, No. 77,671, involved the Jantz application S.N. 749,977 and Etten's application S.N. 38,932. The other interference, No. 77,672, involved the Jantz application S.N. 749,977 and Patent No. 2,054,970, issued to Etten on his application S.N. 648,620, filed by him on December 23, 1932. It is unnecessary to specify here the contents of the counts in these interferences. Etten lost and appealed to the United States Court of Customs and Patent Appeals which decided the appeals in favor of Jantz on January 3, 1944, on the basis of the record before the Patent Office Board of Interference Examiners. See Etten v. Jantz, 31 C.C.A., Patents, 1177, 142 F.2d 680.

On October 15, 1946, on the basis of allegations that on September 3, 1946 Patent No. 2,406,951 issued to Lovell on Jantz application S.N. 749,977 and that the substance of that patent is in conflict with the disclosures of Etten's Patent No. 2,054,970, Etten moved to amend his complaint and to include in it an action based on R.S. § 4918, 35 U.S.C.A. § 66, to have Patent No. 2,406,951 declared invalid.

On October 21, 1946 the case at bar came on for trial on that portion of the complaint based on R.S. § 4915 and the answer thereto. Etten was asked on direct examination if he was the person that was seeking a patent in the instant case and he replied that he was. He was then asked, "And you are properly entitled to bring this suit and were the party that testified in the previous [Patent Office] proceedings?" He replied, "I am, sir." He was not further examined as to his right to maintain the suit. Etten concluded the testimony in his case in chief shortly thereafter and the defendants informed the court that the proof in their case would consist " * * * in merely the introduction of exhibits" which were on a designated list. These exhibits included copies of the interference proceedings. We will deal with certain documents included in the interference proceedings and relating to the title of the disclosures of the applications at a later point in this opinion.

On October 21, 1947 the court below allowed the R.S. § 4918 amendment to the complaint and thereafter, on November 20, 1947, the defendants filed a supplemental answer and a counterclaim. The counterclaim asserted, *inter alia*, that the Etten Patent No. 2,054,970 was invalid over the prior art and that the "Chamberlain Corporation of Waterloo, Iowa, a corporation of Iowa, is the beneficiary of and is actively participating in the infringement and in these suits. Plaintiff * * * Etten is the active executive officer of Chamberlain Corporation." Etten filed a motion to dismiss the counterclaim on the ground that Chamberlain Corporation was an indispensable party and that no proper service had been made on the corporation.

On December 8, 1947 Etten filed an affidavit in support of his motion to dismiss in which he alleged that his activities in con-

1. The early pleading which followed the filing of the suit at bar is not pertinent to the issues presented in the instant appeal. We will restrict our references, therefore, to such pleading as we deem necessary to make the issues clear.

2. The date, October 5, 1939, made review of the interferences' subject to the provisions of R.S. §§ 4904 and 4911, 35 U.S. C.A. §§ 52 and 59a, as amended on August 5, 1939, c. 451, Section 3, 53 Stat.

1212, and R.S. § 4915, as well as R.S. §§ 4904 and 4911. The Act of August 5, 1939 became effective two months after its approval. See footnote to 35 U.S. C.A. § 52.

The dates of the issuance of Patent No. 2,054,970 and of the various applications and interferences referred to have significance in the disposition of the instant appeal only in the light of the numerous assignments referred to at a later point in this opinion.

nection with the manufacture and sale of the washing machine wringers referred to in the complaint had been carried on by him solely as the managing officer of Chamberlain Corporation and that he did not have a controlling interest in that company and that the corporation was fully solvent and responsible for its own acts. On December 19, 1947 Etten filed another affidavit in which he reiterated the substance of that of December 8 and alleged that on May 16, 1929 he had granted an exclusive license to Floyd L. Chamberlain (president of Chamberlain Corporation) under "any" patents which he owned or controlled, with certain exceptions, in return for a minimum royalty payment of $5,000 a year. He alleged that the royalty agreement was entered into " * * * long before the subject matter here in suit was invented or contrived by either party * * *" as well "as prior to any knowledge * * * [by him, Etten] of the safety release type wringer shown in Jantz Patent No. 2,406,951 * *." He stated also that insofar as the minimum royalty payment was concerned " * * * it made no difference to him which one of the number of wringers he had invented, the company [Chamberlain Corporation] adopted for commercial purposes, inasmuch as it was agreed that only this minimum, irrespective of the type of his patented devices adopted by the company, would be paid * * *."

On December 30, 1947 the defendants filed a "Notice" in which they referred to Etten's affidavits filed December 8 and December 19, 1947[3] and stated that they understood from these that "Etten has no interest in his patent and applications * *." They went on to assert that if this were true there was no "case or controversy" before the court below and that that court would have no jurisdiction to proceed to a determination of the issues. But the defendants went on to state that " * * * we cannot accept Etten's * * * [December 8] and December * * * [19] affidavits. Etten has made too many sworn statements which cannot be reconciled with

these affidavits. Etten has spent too much money for one as disinterested as he now claims." There was a motion to defer decision on both the R.S. §§ 4915 and 4918 actions until Etten's status was "clarified", it being alleged that Etten " * * * has no interest in the subject matter or outcome of this litigation. He has no interest in his patent and applications. He doesn't care whether he wins or loses. The Chamberlain Corporation is the party in interest." The moving papers also assert that Chamberlain Corporation is an indispensable party to the litigation and that its absence as a party deprived the court of "jurisdiction". Counsel for the defendants also filed an affidavit in which he set forth the substance of certain pleadings in a suit brought by Etten and Chamberlain Corporation v. Kauffman and Lovell in the court below, being No. 3 September Term 1937, Erie, which included a copy of the assignment made by Etten to Floyd P. Chamberlain, hereinbefore referred to.

On January 9, 1948 Etten filed an "Opposition" to the defendants' request to defer the decision in the action pending the clarification of Etten's status, pointing out that on December 9, 1947 the defendants' counsel had represented that the "previously tried suits", viz., the suit at bar embracing the actions bottomed on R.S. §§ 4915 and 4918, were "finished business", asserting also that certain compromises in favor of the defendants had been made by Etten because of this representation and that the defendants' request for the clarification of Etten's status as a plaintiff was in violation of an "agreement" made by counsel that the case should be decided without further testimony on behalf of the parties, the agreement being "reached * * * in open court". On December 16, 1947 the court entered an order, approved by the parties, which included the following statement: "It is further understood that both parties hereto have concluded their respective cases as to the original and amended complaint and that no further evidence or testimony will be adduced herein in connection with the causes of action of said original and

3. In the "Notice" the defendants incorrectly referred to these dates as November 28, 1947 and December 16, 1947.

**740**

amended complaints." The only issues remaining for the court's adjudication, seemingly, were those raised by the counterclaim.

Argument was had in the court below upon the issues presented by the complaint, the amended complaint and the answers thereto and the evidence adduced by the parties. The defendants also filed requests for conclusions of law. One of these, No. 27, raised the question of whether or not Chamberlain Corporation, the exclusive licensee, should be a party to the suit.

On February 28, 1949 the court handed down an opinion in which it held that Etten and not Jantz was entitled to the subject matter of the disclosures in controversy and that Jantz' award of priority of invention had been procured from the Patent Office by fraud. See D.C. 83 F.Supp. 178. On April 26, 1949 judgment was entered in conformity with the opinion and the defendants appealed. The court below did not decide the issues presented by the counterclaim, as we have indicated. It did not make the determination required by Rule 54(b), F.R.C.P., 28 U.S.C.A., in respect to its non-adjudication of the issues raised by the counterclaim. Accordingly on January 10, 1950 we dismissed the appeal for want of jurisdiction. See 3 Cir., 179 F.2d 302.

Following the remand a number of motions were made by the parties. On January 19, 1950 the defendants moved to join Chamberlain Corporation as a party-plaintiff and attached to the motion copies of a number of assignments which will be discussed hereinafter. On January 23, 1950 Etten moved to substitute Chamberlain Corporation as plaintiff in his place and stead. Etten also moved under Rule 60 to supplement the judgment so "as to cure omissions therefrom". The cure proposed was the insertion of a new paragraph 16 to be phrased as follows: "On defendants' motion (dated January 19, 1950) to add Chamberlain Corporation * * * as party-plaintiff and on plaintiff's motion (dated January 20, 1950) under Rule 25 to substitute Chamberlain Corporation as a party-plaintiff and upon consideration of the title papers attached to said defendants' motion and the evidence in this case, the court hereby directs that said Chamberlain

Corporation be added as a party and be substituted as the plaintiff in this suit." Thereafter, on January 26, 1950, the defendants moved for an order to compel Chamberlain Corporation to answer, stating, perhaps ingenuously, "Of course, Chamberlain Corporation must appear voluntarily * * *". On February 1, 1950 Chamberlain Corporation entered an appearance in the proceedings by Etten's counsel and the notice of appearance stated that counsel further agreed that the certified copies of the assignments hereinbefore referred to be received in evidence as showing that Chamberlain Corporation acquired title from Etten to applications S.N. 38,932 and 167,775 and the Etten Patent No. 2,054,970.

On March 8, 1950 the court below made an order making the determination required by Rule 54(b), as suggested by the opinion of this court and, in effect, re-entered its former judgment, thereby rendering it final. Certain new paragraphs were added, however, to the judgment and one of these denied the defendants' motion to add Chamberlain Corporation as a party-plaintiff. The final paragraph of the decree provides that " * * * all motions made subsequent to April 26, 1949 and not herein adjudicated, are refused without prejudice to renewal thereof at the proper time in connection with any other issues not herein adjudicated." We assume from the words of the order quoted that Etten's motion to substitute Chamberlain Corporation in his place and stead was denied. The defendants have appealed.

The difficulty of deciding the pertinent issues in the instant appeal is heightened by the chaotic condition of the record now before this court. The appendices prepared by the parties are grossly inadequate, particularly so because the parties have failed to designate the source of much of the material presented. For this reason we have had recourse to the original record. It appears from a copy of a royalty agreement made by Etten and Chamberlain, attached as an exhibit to the pleadings, that Etten may have assigned all rights in his disclosures to Chamberlain as early as May 16, 1929, and from a copy of a letter from Chamberlain to Etten dated October 16,

1929, also attached to the pleadings, that Chamberlain reassigned the rights to the disclosures to Chamberlain Corporation. Moreover, the *proviso* clause of paragraph "III" of the royalty agreement indicates that Etten may have retained *locus standi* to appear as a plaintiff in the R.S. § 4918 action. It appears from the "Title Report" of the Chief of Assignment Division of the Patent Office that title to Patent No. 2,054,970 was vested in Chamberlain Corporation on October 5, 1937. The same status is indicated by a report of the Examiner of Interferences dated April 14, 1939. That Etten had made an assignment of Patent No. 2,054,970 at some prior date is demonstrated by a declaration of surrender executed by him on October 2, 1937, a copy of which was apparently received by the Patent Office on October 7, 1937. It appears also from a photostatic copy of a document recorded in the Patent Office, Liber Y207, page 246, designated *"Nunc Pro Tunc Assignment"*, executed August 30, 1946 *nunc pro tunc* as of October 1, 1943, that on October 1, 1943 an assignment had been made by Chamberlain to Etten of Patent No. 2,054,970 and reissue application S.N. 167,775 and that the *nunc pro tunc* assignment was executed for "record purposes" and to show "the chain of title" leading up to an assignment of March 1, 1944, recorded in the Patent Office in Liber V198, page 646, referred to hereinafter. That title to application S.N. 38,932 had also been assigned to Chamberlain Corporation is indicated by a report of the Examiner of Interferences dated February 7, 1938 and by another *"Nunc Pro Tunc Assignment"*, similar in tenor and effect to the one referred to previously in this paragraph, save only that the latter assignment has as its subject matter application S.N. 38,932 as distinguished from application S.N. 167,775 and Patent No. 2,054,970. All of the foregoing was before the court below as part of the proceedings had in the Patent Office on the two interferences first referred to. The documents constituted evidence in the court below since the suit at bar is based on R.S. §§ 4915 and 4918. Cf. Hartford-Empire Co. v. Hazel-Atlas Glass Co., dissent, 3 Cir., 137 F.2d 764, 774–775. There was al-

so before the court, prior to its decision of February 28, 1949, D.C. 83 F.Supp. 178, the defendants' request for conclusion of law No. 27, the license agreement hereinbefore referred to, Etten's affidavits of December 8 and December 19, 1947 and the "Notice" filed by the defendants on December 30, 1947. These tend to suggest that Etten may have had no substantial interest in the patent and the application *sub judice*. In view of all this documentary material it would have been appropriate for the court below to have investigated Etten's titles, interests and his *locus standi* and not to have relied solely on his testimony that he was "properly entitled" to bring the suit. Etten was a layman and questions relating to his rights are questions of mixed fact and law, difficult for even a lawyer to comprehend and determine.

Following the judgment entered by the court below on April 26, 1949 and the dismissal of the appeal taken therefrom by this court, on January 19, 1950, the defendants moved to join Chamberlain Corporation as a party-plaintiff and attached to their motion certified copies of assignments, including the *"Nunc Pro Tunc"* assignments included in the record of the interferences in the Patent Office and referred to in the preceding paragraph. We shall not detail the contents of these assignments but they demonstrate the following. On October 16, 1935 Etten assigned to Chamberlain Corporation his entire interest in application S.N. 648,620 which became Patent No. 2,054,970, and in application S.N. 38,932. It appears from each of the two *"Nunc Pro Tunc"* assignments, executed, as we have said, on August 30, 1946, that assignments had been made to Etten by Chamberlain Corporation on or about October 1, 1943, whereby Etten received back the titles to the patent and to the applications and that there were further assignments dated March 1, 1944 whereby Etten returned the titles to the patent and the applications to Chamberlain Corporation.

The suit at bar was commenced on October 22, 1943, pursuant, as we have said, to the provisions of R.S. § 4915. At this time Etten may have been an "applicant" within the purview of the statute. His status,

whatever it was, remained unchanged until March 1, 1944 when Etten revested title to the applications and the patent in Chamberlain Corporation. Etten may not have had any cognizable legal interest in the applications or the patent following the assignments of March 1, 1944. He was an "applicant", if the assignments to which we have referred tell the entire story, for a period of four months and six days. Following the assignments of March 1, 1944 of application S.N. 38,932 and Patent No. 2,054,970 the suit may have lacked an indispensable party-plaintiff to prosecute it, viz., Chamberlain Corporation. No attempt was made by Etten to substitute Chamberlain Corporation as a party-plaintiff in his place as permitted by Rule 25(c) or to join the corporation as a party-plaintiff pursuant to Rule 20(a), assuming arguendo that the substantive law as set out in R.S. § 4915 would have authorized such substitution. On the other hand no motion to dismiss was made and the suit was proceeded with as filed. Cf. Rule 17(a) which requires every action to be prosecuted in the name of the real party in interest. Moreover, on October 15, 1946 when Etten filed his amending motion to have the Jantz Patent No. 2,406,951 declared invalid under R.S. § 4918 he may no longer have been the owner of Patent No. 2,054,970, one of the "interfering" patents and if so he could not have been entitled to the declaration which he sought unless he retained some interest cognizable under R.S. § 4918. The trial court, if informed of Etten's status might have had to dismiss the motion to amend instead of allowing it as was done on October 22, 1947.

In the light of the foregoing it becomes apparent we think, why, when on January 19, 1950 the defendants moved to join Chamberlain Corporation as a party-plaintiff, Etten himself quickly moved to substitute Chamberlain Corporation as the party-plaintiff in his place and stead and also endeavored by the employment of Rule 60 to supplement the judgment to bring Chamberlain Corporation within its scope; why on February 1, 1950, nearly seven years after the filing of the suit and four years after the amendment to the complaint

Chamberlain Corporation entered an appearance. The court below, as we have said, denied the motions of the parties respecting the inclusion of Chamberlain Corporation in the litigation.

The parties at the argument before this court on June 8, 1950 discussed the question as to whether Etten might maintain the suit in terms of "jurisdiction". It must be conceded that the court below had jurisdiction of the parties and during one period, viz., from October 22, 1943 to March 1, 1944, may have had jurisdiction of the subject matter of the action based on R.S. § 4915. It may be argued with some cogency that the court below lost the power to adjudicate the R.S. § 4915 action if the assignment of title of March 1, 1944 was a valid one for perhaps a judgment could not thereafter have been entered which would have bound an indispensable party to the controversy. Cf. Paper Container Mfg. Co. v. Dixie Cup Co., 3 Cir., 170 F.2d 333, where Paper Container was ruled to be "a real party in interest", an indispensable party, albeit not the only one and therefore an "applicant" within the purview of R.S. § 4915. In the instant case, as we have stated, Etten may have retained no cognizable interest in the subject matter of the disclosures of the patent or the applications. See Armstrong v. De Forest, 2 Cir., 13 F.2d 438; Hazeltine Corporation v. Kirkpatrick, 3 Cir., 165 F.2d 683, and Emerson v. Hubbard, C.C. W.D.Pa., 1888, 34 F. 327. For the reasons stated Etten may not have possessed any cognizable legal interest in the R.S. § 4918 action at the time it was brought.

This court, however, may not find facts and we may not have wound out fully the labyrinth of assignments, titles and interests. Were there actually assignments by Chamberlain Corporation to Etten in 1943 as recited in the nunc pro tunc assignments? There may be other assignments or indicia of title which may have served to put a cognizable legal interest in the subject matter of the disclosures of the patent and the applications back into Etten which have not been made a part of the record in this case; or Etten may have retained such an interest. If the court below should find on remand that Etten lost or did not possess any cog-

nizable legal interest in the R.S. § 4915 action or in the R.S. § 4918 action, that tribunal must determine whether or not Chamberlain Corporation may be added as a party-plaintiff to the suit or whether or not Chamberlain Corporation may be substituted as a party-plaintiff in place of Etten. This will involve, we think, a determination of whether the provisions of Rule 25(c) are contrary to the substantive law as set out in R.S. § 4915 and whether the doctrine of *laches*, or any other principle of law or equity would militate against the addition or substitution of Chamberlain Corporation as a party as sought by the litigants. In this connection see also Rule 15 relating to amended and supplemental pleadings, Rule 17 relating to real parties in interest and Rule 21 relating to misjoinder and non-joinder of parties. The court below should also consider whether or not the motions to add Chamberlain Corporation as a party-plaintiff or to substitute that company in lieu of Etten as a party-plaintiff were improvidently denied. This sums up to saying that the court below should determine, if title to the disclosures is not in Etten, whether any formidable obstacle to the continuance of the suit appears in the record as it now exists or as it may be supplemented on remand. See the opinions of Judge Clark as to the plaintiff in Hackner v. Guaranty Trust Co. of New York, 2 Cir., 117 F.2d 95, 98, cert. den. 313 U.S. 559, 61 S.Ct. 835, 85 L.Ed. 1520, and in Bowles v. J. J. Schmitt & Co., 2 Cir., 170 F.2d 617, 621.

Concerning the questions mentioned in the preceding paragraphs, we, of course, presently express no opinion. The foregoing summary is not intended to be comprehensive and other relevant questions may be brought before the court below or come to

mind. We conclude on the present record that we should not express our views on the merits of the case at bar lest we render an advisory opinion. The court below may receive additional evidence. To the end that the trial court may be unhampered in its consideration and disposition of the litigation which has proceeded for so long a time we will vacate the judgment of March 8, 1950 in its entirety and remand the case for reconsideration by the court below in the light of this opinion.[4]

4. We cannot agree with the assertions made by Etten that in some way this court or the court below is or was estopped to consider the actual state of the titles referred to. The issues discussed in this opinion were before the court below as appears from the assignments which were included in the record of the interferences filed in the court below. The issues were raised also by the defendants' counsel, though perhaps obliquely and

were not pressed as fully as they should have been. We cannot take the position that when the parties to a litigation have stated that they rest their respective cases the trial court is bound to observe and discuss only those questions which the parties have put before it. Questions relating to the jurisdiction and power of a court of the United States must be deemed to be open at all times.