Nicholas L. ETTEN and Chamberlain Corporation

v.

LOVELL MANUFACTURING COMPANY and Walter L. Kauffman, 2d, Appellants.

No. 11427.

United States Court of Appeals Third Circuit.

Argued Feb. 24, 1955.

Decided June 30, 1955.

On Petition for Rehearing Sept. 30, 1955.

Ralph Hammar, Erie, Pa. (Frank Zugelter, Cincinnati, Ohio, on the brief), for appellants.

Charles F. Meroni, Chicago, Ill. (Hill, Sherman, Meroni, Gross & Simpson, Chicago, Ill., and Isaac J. Silin, Erie, Pa., on the brief), for appellees.

Before GOODRICH, KALODNER and STALEY, Circuit Judges.

GOODRICH, Circuit Judge.

This is an action seeking a declaration of a patent brought under § 4915, Revised Statutes, 35 U.S.C.A. § 63 (1951), (1952 Revision, 35 U.S.C.A. §§ 145, 146), and later amended to include a count under § 4918, Revised Statutes, 35 U.S. C.A. § 66 (1951) (1952 Revision, 35 U.S.

C.A. § 291). To this was added a common law claim, based on diversity only, for damages alleged to have been suffered from a conspiracy among the defendants.

The case has had a long history. It first broke into the reports in 1945, 4 F.R.D. 233, when the late Judge Schoonmaker held that the common law claim was properly joined to the one under § 4915. Then the case went to trial in October, 1946, and Judge Follmer, sitting in the Western District of Pennsylvania, handed down an opinion in which he made a thorough and comprehensive series of findings of fact and adjudicated the question of priority in favor of the plaintiff. D.C.W.D.Pa., 1949, 83 F.Supp. 178. The defendants then appealed the case to this court, where it was promptly sent back because the appeal was prematurely brought. 1950, 179 F.2d 302. The necessary proceedings having taken place in the district court, the case again came to this court. Chief Judge Biggs, writing for the court, mentioned the "labyrinth of assignments, titles and interests." [184 F.2d 742.] This court vacated the judgment to the end that the trial court should be unhampered in its further consideration of the litigation. The opinion stressed that "the court below should determine, if title to the disclosures is not in Etten, whether any formidable obstacle to the continuance of the suit appears in the record as it now exists or as it may be supplemented on remand." 1950, 184 F.2d 737, 743.

So the case went back to the district court, again to Judge Follmer. He made additional findings of fact answering the questions which the opinion of this court had suggested to him and re-affirmed the findings which he had made when the case was first tried on the merits. 1954, 121 F.Supp. 291.

Now the case is here again on appeal and the defendants-appellants have brought to us all the problems which they could find in it. They range from an application of the rule of res judicata to the date upon which a cat named "Sudie" bore kittens. We shall not discuss them all but the parties may be sure that none have been overlooked.

1. Conspiracy Count.

One matter we can get out of the case very promptly. It has to do with the conspiracy charge. In his first opinion the district judge, while he found reprehensible conduct by some of the persons involved herein, said he was "constrained under the circumstances of the case to deny plaintiff's claim for damages on the ground of conspiracy" and judgment was entered accordingly. The losing defendants took an appeal as recited above. But the plaintiff did not appeal from the judgment dismissing his common law claim for damages. It is not, therefore, before us and we see no reason for expending printers ink in discussing it.

2. The Washington, D. C., Suit.

The defendants claim that the plaintiff cannot recover here on the ground the action is barred because of a suit begun against these defendants and others in Washington, D. C., on October 22, 1943. This suit was dismissed by consent and the defendants say that the principles of res judicata bar the plaintiff from recovery now. This position is not well taken. We have looked up all the documents concerning this Washington suit some of which the appellants furnished and some of which they did not. It is clear from the documents, including the supporting affidavits filed there, that the reason for the dismissal was lack of jurisdiction over the person of some of the defendants. It is likewise perfectly clear that where a suit is dismissed for a reason which does not go to the merits, a further suit is not barred. Restatement, Judgments, § 49 and comments thereto; West Coast Life Ins. Co. v. Merced Irr. Dist., 9 Cir., 1940, 114 F.2d 654.

3. The Lost Assignment.

The assignments back and forth among the plaintiffs herein, resemble a well played tennis game where the ball is not allowed to hit the ground. No wonder that

this court on a previous occasion referred to the "labyrinth." The situation is very greatly cleared by the careful series of findings made by the district court upon remand.

One of the bases upon which Etten claims he is entitled to sue in the 4915 proceeding is that there was an assignment to him from the now co-plaintiff, Chamberlain, on September 22, 1943, back at a time before Chamberlain became a party to this litigation. This assignment, plaintiffs say, was lost and affidavits as to its contents were filed "nunc pro tunc" in the patent office on September 6, 1946. This was some three years after the alleged date of execution, but before the trial of the present action. The defendants say there is insufficient evidence to prove the execution of this document. That is wrong. The finding of fact by the trial court is amply substantiated on this point.

█ Then the defendants say that the assignment was never delivered. Now the statute requires the assignment of a patent to be in writing. 35 U.S.C.A. § 47 (1951) (1952 Revision, 35 U.S.C.A. § 261.) It says nothing about delivery. But the Supreme Court has likened the safeguards surrounding the transfer of patent property with those usually attached to the transfer of land. Westinghouse Elec. & Mfg. Co. v. Formica Insulation Co., 1924, 266 U.S. 342, 349, 45 S.Ct. 117, 69 L.Ed. 316. It is a clear rule, with regard to land transfer, that while a deed to land must be "delivered," such delivery does not demand manual tradition of the document. The modern rule, as stated by Tiffany, [4 Tiffany, Real Property, § 1034 (3d ed., B. Jones, 1939)], is that there is a sufficient delivery "if an intention appears that it shall be legally operative, however this intention may be indicated." The evidence in this case fully sustains both the execution of this assignment and the assignor's intent that it should become effective.

This transaction entitled Etten to sue under § 4915 as an applicant. Becker v. General Chain Co., 1 Cir., 1921, 273 F.

419; 2 Walker, Patents, § 214 (Deller ed., 1937) (and authorities cited therein). We are not compelled to decide, therefore, whether Etten would meet the qualifications of an applicant by virtue of a contract with Chamberlain which was made in 1929. By this contract Etten was given royalties on inventions made or to be made by him, a reversionary one-half interest and a right to sue for infringement of his patents. We have no quarrel with the district court's conclusion that this was sufficient to give him standing to sue. But we do not need to press this matter in view of the fact that we think the evidence sufficient to sustain the claimed 1943 assignment.

### 4. The 4918 Suit.

█ This statute, 35 U.S.C.A. § 66, is very broad and gives the right of suit to "any person interested" in any one of the interfering patents or in the working of the invention claimed under either of them. If Etten had not assigned back to Chamberlain there could be no difficulty about the right to maintain action under this section as well as 4915. As indicated above, however, he did reassign prior to Chamberlain's entrance into the lawsuit. But he is certainly still an interested party. He has royalty rights. He has a reversionary interest. Also he has, by the terms of the 1929 contract, the right to protect and prosecute his patent rights. This is enough. The following cases and authority are helpful on this point: Victor Talking Machine Co. v. Brunswick-Balke-Collender Co., D.C.Del., 1923, 290 F. 565, 570; Briggs v. United Shoe Mach. Co., 1915, 239 U.S. 48, 36 S.Ct. 6, 60 L.Ed. 138; Keystone Trading Co. v. Zapota Mfg. Co., D.C.E.D. Pa., 1914, 210 F. 456; Palmer Pneumatic Tire Co. v. Lozier, C.C.N.D.Ohio, 1895, 69 F. 346; 3 Walker, Patents, § 512 (Deller ed., 1937). But see General Chemical Co. v. Aluminum Co., D.C.W.D. Pa., 1924, 11 F.2d 810, 813.

### 5. Patent Appeals Decision as Res Judicata.

█ The appellants urge upon us that the plaintiffs are precluded from suing

here by an earlier decision of the Court of Customs and Patents Appeals in Etten v. Jantz, 1944, 142 F.2d 680, 31 C.C.P.A., Patents, 1177. This question was met head-on by the district court in the opinion in 83 F.Supp. earlier cited. It is discussed by the district judge on pages 184, 185 and 186. He cites authorities which we have checked and find in point. We cannot state the matter any better than he does and adopt his discussion on this point as our own. The district court held that the plaintiff, Etten, was not foreclosed by the litigation in the Court of Customs and Patents Appeals, and its reasoning is fully applicable to the now co-plaintiff, Chamberlain.[1]

### 6. Public Use Argument.

■ Appellants urge that the plaintiffs' right to a patent on claim 13 on Application SN 38932 is barred because of two years of public use prior to Etten's date of application (September 3, 1935). The basis of this contention is that claim 13 was incorporated in the Jantz Model "T" wringer (Exhibit "O"). The validity of this argument depends, obviously, on the date of conception and completion of the Jantz Model "T." Now this was the subject of a great deal of evidence in the trial of this case. If the defendants' dates were accurate there would be something to the argument. But the district court in a carefully prepared set of findings has found that the alleged date of conception by Jantz (April, 1932) was falsely asserted by reason of pressure on Jantz to change the date which he originally fixed (April, 1933). The dates of public use asserted by defendants are June 10th and 20th, 1933. But the district court found that the date of completion was after September 21, 1933, because the dies from which the parts of the wringer were made were not in existence until sometime after that date. With these findings, supported by the evidence cited by the district court in its opinion, disappears the argument.

### 7. Morgan v. Daniels.

■ It would not be patent litigation without the introduction by one or both parties of Morgan v. Daniels, 1894, 153 U.S. 120, 14 S.Ct. 772, 38 L.Ed. 657. As would be expected the appellants attack the district court's judgment because, they say, the court failed to follow the doctrine of that case. The district judge was acutely aware of Morgan v. Daniels and had quite evidently before him our decision in Minnesota Mining and Mfg. Co. v. Carborundum Co., 3 Cir., 1946, 155 F.2d 746. He cites the language of Chief Judge Biggs in that case and points to the question, posed by this court, that must be decided: " 'whether all competent evidence, "new" and "old", offered to the District Court carries "thorough conviction" that the Patent Office erred.' " 83 F.Supp. at page 186.

This question the district judge thoroughly considered. Here we do not have difficult questions of scientific fact and theory such as those involved in the case from which the quotation was taken. We have instead an examination of evidence that looks to lack of truth-telling, concealment of testimony and other deceptive conduct. The conclusion of the trier of the fact was that the picture presented was a sordid one. This evidence was not before the patent office. We have no trouble in sustaining the conclusion that the severe test that one must meet before rejecting patent office conclusion on facts has here been met. The decision of

---

1. Appellants also urge that plaintiff Etten's complaint should be dismissed because Chamberlain Corporation had the sole responsibility for prosecution of the suit and that Etten is not the real party in interest. The basis of this argument is a sworn statement made in an answer to written interrogatories. The interrogatories and the response to them concern the role, in these and prior proceedings, of Chamberlain Corporation and its parent corporation, the American Wringer Corporation. As to these two entities, the answer states that the Chamberlain Corporation has the sole responsibility. There is no other evidence to indicate that Etten is not a real party in interest, and, therefore, we must reject this argument.

the district court is not contrary to Morgan v. Daniels. The conclusion of the court that fraud was shown on the part of the defendants is clearly established and, therefore, conclusions based upon the absence of such testimony as was available in the court below, do not stand in view of the new testimony.

### 8. Attorneys Fees.

The appellants complain that the district court allowed attorneys fees. The authority here, of course, is 35 U.S.C.A. § 70 (1951), (1952 Revision, 35 U.S.C.A. §§ 283–286, 290), which permits the court in exceptional cases to award attorneys fees to the prevailing party. This provision was discussed by us in Pennsylvania Crusher Co. v. Bethlehem Steel Co., 3 Cir., 1951, 193 F.2d 445. The court cited cases where fraud had been considered adequate justification for awarding attorneys fees. It also pointed out that the basis of the award must be stated by the trial court. We find that requirement met in paragraph 8 of the judgment of the trial court entered July 10, 1954. It is quite clear from the wording of that paragraph that the reason for the award of attorneys fees was because the court considered that the plaintiffs had sustained their burden of proof of fraud, misrepresentations and suppression of evidence.

As said at the beginning of this opinion, many points have been raised by the appellants. What we have said, we believe, disposes of the case without further discussion.

The judgment of the district court will be affirmed.

### On Petition for Rehearing

The first two grounds alleged in the petition for rehearing filed on behalf of Lovell Manufacturing Company and Walter L. Kauffman, 2d, are overruled. We find them without merit.

The third ground asserted by the petitioner is that the order for counsel fees was too broad when it included these "in connection with Interference 75,433 and 76,987." This point is well taken. The award of an attorney fee may not be made in connection with a cause of action over which the court had no jurisdiction. Dubil v. Rayford Camp & Co., 9 Cir., 1950, 184 F.2d 899.

Paragraph 8 of the order of the district court is vacated and case remanded with directions to delete from paragraph 8 the allowance for counsel fees in connection with the interference proceedings above specified. In all other respects the judgment is affirmed. The judgment of this Court will be modified in accordance with this opinion.