

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-10-2005

# United Fed Leasing v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4831

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"United Fed Leasing v. USA" (2005). *2005 Decisions.* Paper 1457.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1457

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 03-4831

UNITED FEDERAL LEASING, INC.,
Appellant

v.

UNITED STATES OF AMERICA

On Appeal from an Order of Dismissal from the
Middle District of Pennsylvania
D.C. Civil No. 03-cv-00863
District Judge: Christopher C. Conner

Submitted Pursuant to Third Circuit LAR34.1(a)
January 19, 2005

Before: ALITO, McKEE, and SMITH, Circuit Judges

OPINION FILED MARCH 10, 2005

McKEE, Circuit Judge

United Federal Leasing, Inc. ("UFL") appeals from an Order of Dismissal of the

District Court for the Middle District of Pennsylvania that was entered pursuant to Fed. R.

Civ. P. 12(b)(1). For the reasons that follow, we will affirm.[1]

---

[1] While there is some uncertainty regarding the proper standard of review under the circumstances presented here, *see Witkowski v. Welch*, 173 F.3d 192, 198 n.7 (3d Cir. 1999), we need not resolve the issue here because we would affirm the decision of the District Court even under the most demanding standard of review.

Inasmuch as we write only for the parties, we need not set forth the factual or procedural background of this dispute. Rather, we will proceed directly to our brief discussion. The doctrine of issue preclusion derives from the principle that "'later courts should honor the first actual decision of a matter that has been actually litigated.'" *Burlington Northern Railroad Co. v. Hyundai Merchant Marine*, 63 F.3d 1227, 1231 (3d Cir. 1995) (citation omitted). In order for the doctrine to apply, each of the following conditions must be satisfied: 1) the issue sought to be precluded is the same as that involved in the prior action; 2) the issue was actually litigated; 3) the issue was determined by a final and valid judgment; and 4) the determination was essential to the prior judgment. *Id.* at 1231-32, (citing, *In re Graham,* 973 F.2d 1089, 1097 (3d Cir. 1992)).

An issue is actually litigated when it is properly raised, by pleadings or otherwise, is submitted for determination, and is determined. *O'Leary v. Liberty Mutual Insurance Co.*, 923 F.2d 1062, 1066 (3d Cir. 1991), *citing Restatement (Second) of Judgments § 27 comment d*, at 255 (1982). A judgment is final and valid when it has been rendered by a court of competent jurisdiction and the party against whom judgment is rendered has submitted to the jurisdiction of the court. *O'Leary*, 923 F. 2d at 1066. If an issue was

"critical to the judgment" it is not merely *dicta* and satisfies the condition of being "essential to the judgment." *Id.* at 1067.

Issue preclusion is intended to protect litigants from the dual burden of relitigating an issue with the same party and the promotion of judicial economy through prevention of needless litigation. *Id.* at 1069, n.10 (citing *Clark v. Troutman*, 509 Pa. 336, 340 (1985)).

Here, the issue to be precluded is the same as the one involved in an earlier action in Virginia. Second, the jurisdictional issue was actually litigated there, as the defendant raised the jurisdictional issue based on the applicability of the Contract Disputes Act of 1978.[2] UFL submitted to the jurisdiction of the prior court as it filed its earlier lawsuit in the Eastern District of Virginia. That court ruled that UFL's claims were dependent on rights plaintiff obtained through government-related contracts. Thus, the issue of lack of subject matter jurisdiction was properly raised by the pleadings, and it was essential to the final judgment of the court. Accordingly, the doctrine of issue preclusion would normally prevent UFL from bringing the instant suit.

---

[2] UFL, in support of its position that the decision in the Eastern District of Virginia did not reach the merits, has relied on this Court's prior decisions in *Etten v. Lovell Man. Co.*, 225 F.2d 844 (3d Cir. 1955) and *Compagnie Des Bauxites De Guinee*, 723 F.2d 357 (3d Cir. 1983). However, UFL's reliance is misplaced. Both of those cases dismissed Plaintiff's claims for lack of personal jurisdiction, as opposed to the instant matter that was dismissed for want of subject matter jurisdiction. The merits of whether or not the CDA applies to UFL's claims have been reached and decided by a court of competent jurisdiction.

## II.

UFL argues an exception to the doctrine that is outlined in Restatement (Second) of Judgments § 28 as follows:

> although an issue is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, relitigation of the issue in the subsequent action between the parties is not precluded in the following circumstances:
>
> > (2) the issue is one of law and (a) the two actions involve claims that are substantially unrelated, or (b) a new determination is warranted in order to take account of an intervening change in the applicable legal context or otherwise to avoid inequitable administration of the laws.

However, we believe our decision in *O'Leary* forecloses UFL's attempt to argue that the different "legal environment" between the original Virginia suit, and the instant suit somehow suspends the usual considerations that underlie the doctrine of issue preclusion. *See* Appellant's Br. at 9 ("the law of issue preclusion . . . makes the preclusion issue dependent upon the legal environment . . .".).

Plaintiff's attempt to circumvent the jurisdictional bar that would arise because of the possible operation of the Contract Disputes Act of 1978 is both unconvincing and unavailing. UFL can not satisfy its burden under § 28(2) of establishing that the demand it made in the District Court for the Middle District of Pennsylvania is so distinct from the demand it made in the Eastern District of Virginia as to fall within the claim preclusion exception embodied in § 28(2) of the Restatement (Second) of Judgments. *See*

4

*Burlington Northern Railroad Co.,* 63 F.3d at 1234 (("[A] *fact, question* or *right* distinctly adjudged in the original action cannot be disputed in a subsequent action, even [if] the determination was reached upon an erroneous view or by an erroneous application of the law.")) (emphasis in original) (citation omitted).

**III.**

Accordingly, we will affirm the Order of Dismissal of the Middle District of Pennsylvania.